IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REAGAN NATIONAL ADVERTISING OF AUSTIN, INC. d/b/a REAGAN NATIONAL ADVERTISING,<br>    Plaintiff<br><br>v.<br><br>CITY OF AUSTIN, TEXAS; MARC A. OTT, being sued in his official capacity,<br>    Defendants | §§§§§§§§§§ | CIVIL ACTION NO.: 1:10-cv-275 |

## PLAINTIFFS' ORIGINAL COMPLAINT & APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE COURT:

Reagan National Advertising of Austin, Inc. d/b/a Reagan National Advertising respectfully files this original petition complaining of the City of Austin, Texas, and would show:

### I. Nature of the Case

1. Plaintiff's complaint arises from Defendant's improper and unconstitutional taxation of Plaintiff's outdoor advertising signs.

### II. Parties

2. Plaintiff Reagan National Advertising of Austin, Inc. d/b/a Reagan National Advertising ("Reagan") is a Delaware corporation doing business in Austin, Travis County, Texas and surrounding areas.

3. Defendant City of Austin, Texas, is an incorporated municipality located in Travis County, Texas and may be served by serving the mayor, Mayor Lee Leffingwell, at Austin City

Hall, 301 W. 2nd St. 2nd Floor, Austin, Texas 78701, or the City Clerk at 301 W. 2nd St. Suite 1120, Austin, Texas 78701. *See* Tex. Civ. Prac. & Rem. Code § 17.024(b).

4. Defendant Marc A. Ott, who is being sued in his official capacity as the City Manager of the City of Austin, is an individual residing in Travis County, Texas and may be served by serving him at his place of employment, Austin City Hall, 301 W. 2nd St. 3rd Floor, Austin, Texas 78701.

### III. Jurisdiction & Venue

5. The Court has jurisdiction over the lawsuit because the suit arises under the Fourteenth Amendment to the United States Constitution, and under 42 U.S.C. § 1983.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant City of Austin resides here. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV. Conditions Precedent

7. All conditions precedent to recovery have been met or have occurred.

### V. Facts

8. Plaintiff is engaged in the Austin and surrounding area in the business of outdoor advertising, which involves the ownership and operation of billboards. Chapter 25-10 of the Austin City Code (the "Sign Code") regulates the local outdoor advertising industry. Plaintiff is regulated by the Sign Code.

9. The Sign Code mandates a "Sign Registration Fee" described in Article 12 of the Sign Code. Every sign must be registered annually in order to "install, move, structurally alter, structurally repair, or maintain" the sign. *See* Sign Code §§ 25-10-231, 25-10-152(F). As part of registration, an applicant must pay an annual registration fee for each sign. *See* Sign Code §

25-10-233. Currently, the registration fee is two-hundred dollars per sign per year. Failure to register a sign is "an offense punishable by a fine of up to $500 per day for each day that the offense continues, and for each sign that is not registered." Sign Code § 25-10-237.

10. Austin's registration fee is inconsistent with its costs to regulate signing. The revenues derived from the registration fees for off-premise signs are several times higher than the expenses incurred in regulating such signs.

11. Plaintiff, as owner of numerous signs throughout Austin, has paid thousands of dollars in annual sign registration fees over its many years of operation.

## VI. Cause of Action: Unconstitutional and Unauthorized Permit Fees

12. The inconsistency between the revenues generated by Defendants' permit fees for Plaintiff's signs and the costs to regulate such signs is illegal. Defendants' so-called registration fees are really nothing more than unauthorized taxes. Specifically, while municipal governments may exact fees to recoup the reasonable costs of their police power regulations, they may not levy occupation or other taxes without express constitutional or legislative authority. Further, if the fee greatly exceeds the reasonable cost of regulation and is primarily for the purpose of raising revenue, it will be characterized as a tax. In this case, Defendants' fees generate several times more income than their reasonable regulation costs. The fees are, therefore, taxes that Defendants lack authority to assess.

13. Consequently, Defendants have violated article VIII, section 1(f) of the Texas Constitution, which states that cities cannot charge an occupation tax in excess of one-half of the tax levied by the State for the same period on the same profession or business. Because the State does not levy occupation taxes on the outdoor advertising business, Defendants cannot levy any occupation taxes on the outdoor advertising business. By unlawfully collecting taxes

in violation of the state constitution, Defendants have violated Plaintiff's due process rights under the Fourteenth Amendment to the U.S. Constitution. Plaintiff has been and continues to be unlawfully deprived of property without opportunity to challenge that deprivation and obtain relief. Instead, Plaintiff is subjected to financial sanctions for non-payment or late payment of registration fees.

## VII. Cause of Action: 42 U.S.C. § 1983

14. As described above, by levying an unlawful tax on Plaintiff, Defendants have deprived Plaintiff of its due process rights under the Fourteenth Amendment to the U.S. Constitution. Defendants' conduct violates 42 U.S.C. § 1983.

15. Defendant Mark Ott is an employee of the City of Austin and was an employee of the City of Austin when he deprived Plaintiff of its rights under the Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983.

16. Defendant Mark Ott was acting under color of the laws and regulations of the State of Texas and the City of Austin when he assessed and charged registration fees against Plaintiff in excess of the administrative costs of regulating Plaintiff's outdoor advertising signs. The exercise of this established registration fee system resulted in the violation of Plaintiff's right to due process.

## VIII. Declaratory Judgment

17. Pursuant to 28 U.S.C. section 2201, Plaintiff requests the Court to enter the following declaratory judgment: (1) the City's sign registration fee is an occupation tax in violation of article VIII, section 1(f) of the Texas Constitution; (2) the registration fees levied against Plaintiff violate the due process clause of the Texas and United States Constitutions; and (3) the constitutional fee for registration is $ 20.00 or less.

## IX. Damages

18. Defendants' unconstitutional and unauthorized assessment and collection of excessive sign registration fees or taxes have deprived Plaintiff of its constitutionally protected rights, privileges, or immunities. Defendants, in depriving Plaintiff of these constitutional protections, have acted under color of state law through the actions of the Austin City Counsel, Austin City Manager, and City of Austin Department of Watershed Protection and Development Review Department. As such, Defendants are liable to the Plaintiff under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's actual damages. The exact amount of Plaintiff's damages is difficult to calculate at this time because the appropriate accounting and financial information is within the control of Defendants. However, Plaintiff has been damaged in excess of $150,00.00.

## X. Injunctive Relief: Request for Preliminary Injunction

19. Plaintiff will suffer irreparable injury if Defendants are not enjoined from assessing registration fees and punishing Plaintiff in the manners described by section 25-10-237 of the Sign Code while this suit is pending.

20. There is no adequate remedy at law because Plaintiff continues to be assessed impermissible taxes. If no injunction is imposed, Plaintiff must continue to pay the unlawful taxes and thus be deprived of its property, or be subjected to punishment and further fines under the Sign Code. No review or protest process is available.

21. There is a substantial likelihood that Plaintiff will prevail on the merits because the registration fees exceed the Defendants' administrative costs of regulating Plaintiff's outdoor advertising business.

22. The harm faced by Plaintiff outweighs the harm that would be sustained by Defendants if the preliminary injunction were granted. The registration fee exceeds the amount required by Defendants for regulation of Plaintiff's outdoor advertising business. Because Plaintiff has previously paid this impermissible fee, Defendants should already have the money they require for regulation. If the litigation continues for a year or more, Plaintiff will have to continue paying the unlawful registration fee for each of its billboards every year that the litigation continues or be subjected to penalties.

23. Issuance of a preliminary injunction would not adversely affect the public interests because the registration fees exceed the amount Defendants require for regulation. The public's interest in regulation is satisfied because Plaintiff has already paid amounts in excess of the costs of regulation. Furthermore, Plaintiff is willing to pay a registration fee that reflects a reasonable cost to regulate.

24. Plaintiff is willing to post a bond in the amount the Court deems appropriate.

25. Plaintiff asks the Court to set its application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendants.

## XI. Injunctive Relief: Request for Permanent Injunction

26. Plaintiff asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## XII. Attorneys' Fees

27. Plaintiff is also entitled to recover reasonable and necessary attorneys' fees pursuant to 42 U.S.C. § 1988.

### XIII. Jury Demand

28.     Plaintiff demands a jury and has submitted the required fee along with this petition.

### XIV. Prayer

29.     Plaintiff requests that Defendants be cited to appear and that upon final hearing of this matter, that the Court enter a declaratory judgment finding that Defendants' sign registration fees are unconstitutional and that the Court preliminarily and permanently enjoin Defendants from continuing to assess such fees in excess of $20.00, and asks that the Court set its application for preliminary injunction for hearing. Plaintiff further requests that the Court award Plaintiff full recovery on all of its claims including an award for Plaintiff's actual damages, attorneys' fees, pre-judgment interest, post-judgment interest, court costs, and such other and further relief to which it may be entitled.

Respectfully submitted,

B. Russell Horton
State Bar No. 10014450

Elizabeth von Kreisler
State Bar No. 24047273

KINCAID & HORTON, L.L.P.
114 West 7th Street, Suite 1100
Austin, Texas 78701
(512) 499-0999
(512) 499-0816 *facsimile*

ATTORNEYS FOR PLAINTIFF
REAGAN NATIONAL ADVERTISING
OF AUSTIN, INC.